HARRIET HIGGINS, appellant,

*v.*

MARGARET McQUIRK, respondent.

[Filed October 23d, 1900.]

*P. L. of 1898 p. 789 § 197* permits testator's estate to be taxed with the costs of the unsuccessful contest of his will when the only evidence offered by the contestants is that of the subscribing witnesses, or there were reasonable grounds for such contest. A testator, twenty-four years old, and of sound mind, and who had resided for nine years in the home of M., devised his property to the daughter of M. Testator was unmarried, childless, and without brother or sister, and there was no evidence of any undue influence. The contestants were aunts of the testator. *Held,* sufficient to sustain an order taxing the costs of a contest of his will to the contestants.

On appeal from an order of the orphans court of Passaic county.

*Mr. William W. Watson,* proctor for the appellant.

*Mr. Michael Dunn,* proctor for the respondent.

REED, VICE-ORDINARY.

The probate of the will of Joseph Whitford was contested on the ground that its execution was induced by undue influence. The orphans court of Passaic county admitted the will to probate. The court also refused to allow costs and counsel fee to be paid out of the estate.

On this appeal it is practically admitted that the decision of the court in admitting the instrument to probate cannot be successfully attacked. The insistence is, however, that the court erred in refusing to direct that the expense of the litigation, including a counsel fee to the proctors of the caveators, should be paid out of the estate.

The testator was twenty-four years of age at the time of his death, on December 26th, 1899, was unmarried, childless and without living brothers or sisters. The caveators are aunts. He had made his home for nine years preceding his death with Mrs. McQuirk, the mother of Maggie, the legatee. His mind was entirely clear at the time of the execution of his will, as his directions to the lawyer who drew that instrument and the testimony of his attending physician demonstrate.

In respect to this intelligent adult, no presumption of undue influence springs from his relations with the McQuirks; and there is no testimony whatever that any influence was employed, aside from those offices of kindness which they rendered him, particularly during the days of his last sickness. The futility of the caveators' contest must have been apparent to the proctors of the caveators after the examination of the subscribing witnesses. It was certainly apparent to them, they knowing the character of the testimony which would be and was subsequently produced. Now, the statute (*P. L. of 1898 p. 789 § 197*) permits the testator's estate to be burdened with the costs of a contest like this only in two instances—*first,* when the contestant shall not have offered any evidence at the trial except that of the subscribing witness, and *secondly,* when it appears that the persons contesting the validity of the will had reasonable cause for so doing. Neither of these conditions appear in this cause, and the order of the orphans court is affirmed.